**Sergio SANCHEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 04–73371, 04–74990.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 27, 2007.

Jorge I. Rodriguez–Choi, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Jeffrey J. Bernstein, Esq., Arthur L. Rabin, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GRABER, CLIFTON and BEA, Circuit Judges.

MEMORANDUM **

Petitioner Sergio Sanchez, native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") upholding the immigration judge's decision to deny his application for cancellation of removal and the BIA's denial of his motion to reopen proceedings and the BIA's order. To the extent we have jurisdiction it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *see Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003) and we review de novo claims of constitutional violations in immigration proceedings, *see Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We deny in part and dismiss in part the petition for review in 04–73371 and we deny the petition for review in 04–74950.

We lack jurisdiction to review the BIA's discretionary determination that Sanchez's failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir.2003).

Sanchez's claim that his due process rights were violated because the Notice to Appear was improperly issued is foreclosed by *Kohli v. Gonzales*, 473 F.3d 1061, 1067 (9th Cir.2006) (holding that IJ's denial of a motion to terminate proceedings due to a defective NTA did not violate due process because no prejudice was shown). Furthermore, we are not persuaded that Sanchez's removal results in the deprivation of his children's cognizable rights. *See Cabrera–Alvarez v. Gonzales*, 423 F.3d 1006, 1012–13 (9th Cir.2005).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The BIA did not abuse its discretion by denying Sanchez's motion to reopen, because the BIA considered the evidence he submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

**PETITIONS FOR REVIEW in No. 04–73371 DENIED in part and DISMISSED in part. PETITION FOR REVIEW in No. 04–74950 DENIED.**